IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:05CV262-MU-02

ALVIN WALTER WEST,            )
    Petitioner,           )
                         )
    v.                    )        **ORDER**
                         )
WILLARD JOBE, Supt., of       )
  Avery/Mitchell Corr.        )
  Institution,                )
      Respondent.             )
_____)

**THIS MATTER** comes before the Court on petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. §2254, filed July 19, 2005; on the respondent's "Motion For Summary Judgment and Answer . . . ," filed August 18, 2005; and on the "Petitioner's Response . . . ," filed September 16, 2005.  For the reasons stated herein, and for the further reasons stated in the respondent's supporting memorandum, the respondent's Motion for Summary Judgment will be granted; and the petitioner's Petition will be dismissed.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The facts of this matter are not in dispute.  According to the parties documents, on August 13, 2002, a jury convicted the petitioner of Felonious Financial Transaction Cards ("FTCs" hereafter) Theft and Felonious FTCs Fraud.  Thereafter, the trial

1

court determined that the petitioner was an Habitual Felon.

Accordingly, on that occasion, the Superior Court of Haywood County sentenced the petitioner to concurrent terms of 107 to 138 months imprisonment. The petitioner timely gave his notice of appeal.

On appeal before the North Carolina Court of Appeals, counsel for the petitioner merely challenged the sufficiency of the evidence to sustain his convictions for the two offenses of conviction. However, the State Court of Appeals rejected that claim upon a finding of "[n]o error." See North Carolina v. West, No. COA02-1727, slip op. at 2, (N.C. App. Oct. 21, 2003).

Next, on September 22, 2004, the petitioner filed a Motion for Appropriate Relief ("MAR")in the Superior Court of Haywood County, arguing that his conviction for FTC theft violated the Double Jeopardy Clause because he previously was convicted of possession of stolen goods on the basis of his possession of the same FTC. However, the petitioner's MAR was denied by the Court's Order of January 21, 2005 upon a finding that such MAR was "without merit." In addition, the petitioner's Petition for a Writ of Certiorari was denied by the State Court of Appeals on May 9, 2005.

Consequently, on July 19, 2005, the petitioner filed the instant federal Habeas Petition, again claiming that he was subjected to double jeopardy by having been convicted of felonious theft of a FTC after having already been convicted of

misdemeanor possession of that FTC. Thus, the petitioner believes he is entitled to have the second conviction vacated.

On August 18, 2005, the respondent filed his combined Answer and Motion for Summary Judgment. There, the respondent notes that inasmuch as the petitioner was unsuccessful with this claim in his MAR, and he cannot demonstrate that the trial court's decision was contrary to clearly established Federal law, or that such decision involved either an unreasonable application of clearly established Federal law or an unreasonable determination of the facts, he cannot obtain any relief.

Further, the respondent asserts that the petitioner's convictions do not offend the Double Jeopardy Clause, in any event, because the two offenses in question each require proof of elements which the other does not. Therefore, the respondent argues that the petitioner is not entitled to any relief.

On September 16, 2005, the "Petitioner's Response [T]o State's Motion [F]or Summary Judgment [A]nd Response [T]o State's Reply Brief" was filed. By that document, the petitioner contends that he should have been prosecuted only for a conspiracy offense involving the FTC, not for three separate offenses, since his conduct "arose from a single conspiracy . . . ." Nevertheless, this Court now has carefully considered the parties' pleadings, along with the relevant law, and has determined that the petitioner is not entitled to any relief on his claim.

## II. **ANALYSIS**

### 1. **Standard of review for habeas petitions**.

Generally speaking, the standard of review to be applied by the Court to <u>habeas</u> cases is "quite deferential to the rulings of the state court." <u>Burch v. Corcoran</u>, 273 F.3d 577, 583 (4th Cir. 2001). Indeed, as the <u>Burch</u> Court noted:

> [p]ursuant to the standards promulgated in 28 U.S.C. §2254, a federal court may not grant a writ of habeas corpus with respect to a claim adjudicated on the merits in state court proceedings unless the state court's adjudication: (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" . . . ; or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. . . ."

<u>Id</u>. (internal citations omitted).

The Supreme Court has explained that a State court adjudication is "contrary" to clearly established federal law, only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." <u>Williams v. Taylor</u>, 529 U.S. 362, 413 (2000), quoted in <u>Burch</u>. An unreasonable application is different from an incorrect application of federal law, the former being the requisite showing. Therefore, this Court may <u>not</u> issue the writ even if it concludes in its own independent review, that the relevant state court merely made an

incorrect or erroneous application of the correct federal principles. Id.

The applicable standard of review is to be applied to "all claims 'adjudicated on the merits,' that is, those claims substantively reviewed and finally determined as evidenced by the state court's issuance of a formal judgment or decree." Thomas v. Davis, 192 F.23d 445, 455 (4th Cir. 1999).

### 2. **The petitioner's claim that he was subjected to double jeopardy is wholly without merit**.

As has already been noted, the sole claim which the petitioner raises is that he was subjected to double jeopardy by virtue of his having been convicted of the theft of a FTC, after previously having been convicted for his possession of that item.

The Double Jeopardy Clause of the Constitution guarantees that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const., Amend V. This Clause has three distinct components. As the petitioner has correctly indicated, the two components which are implicated here are designed to protect a defendant from being subject to successive prosecutions and/or successive punishments for the same offense. See generally United States v. Ragins, 840 F.2d 1184, 1187 (4th Cir. 1988) (internal quotations omitted). Indeed, in cases where successive prosecutions and/or punishments are at issue, this Clause serves "a constitutional policy of finality for the defendant's benefit," by ensuring against attempts to

secure additional punishment after a prior conviction and sentence for the same offense. Brown v. Ohio, 432 U.S. 161, 165 (internal quotations and citation omitted).

Thus, in cases "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one--the latter case standing as a bar to multiple prosecutions and penalties, is whether each provision requires proof of a fact which the other does not. . . ." Blockburger v. United States, 284 U.S. 299, 302 (1932); see also United States v. Dixon, 509 U.S. 688 (1993) (approving Blockburger's "same elements" test). This test emphasizes the elements of the two crimes, and is not concerned with the underlying facts. Furthermore, the Blockburger is not concerned with the evidence which will be presented; therefore, such test can be satisfied, "notwithstanding a substantial overlap in the proof offered to establish the crimes. . . ." Brown, 432 U.S. at 166.

Turning now to the instant case, the record reflects that on some occasion, the Superior Court of Haywood County convicted the petitioner of possession of stolen goods, which conviction was predicated upon his possession of, inter alia, the FTCs which are at issue here. Under North Carolina law, the elements of that offense are: (1) possession of stolen property; (2) knowledge, or reasonable grounds to believe, that such property is stolen; (3) with a dishonest purpose.

Subsequent to those proceedings, the Superior Court of Haywood County convicted the petitioner of, inter alia, felonious FTCs theft. The State Court of Appeals indicated that a person may be found guilty of that offense if he: (1) has in his possession or under his control FTCs issued in the names of two or more other persons; and (2) those persons are not members of his immediate family.

Looking not to the evidence which likely was presented, but rather exclusively to the elements of these two offenses, the undersigned finds that the petitioner's prosecution and sentencing on the felonious FTCs theft charge does not violate the United States Constitution, because conviction for the subject offenses each required proof of elements which the other did not. Indeed, proof of the misdemeanor possession of stolen property charge did not require proof that such property is an FTC; that at least two pieces of property were involved; or that such property did not belong to a member of the defendant's immediate family.

On the other hand, proof of the felony of FTCs theft does not require proof that the defendant ever actually possessed the FTCs, or that the defendant had a dishonest purpose for exercising control over such FTCs. See North Carolina v. Perry, 305 N.C. 225, 236 (1982) (comparing the difference between the elements of the offenses of possession of stolen goods and larceny, i.e., theft as was here alleged). In fact, in Perry,

the State Supreme Court considered the elements of the crimes of possession of stolen goods and larceny, i.e., theft, in addressing the double jeopardy question, and specifically stated that "[n]othing in the United States Constitution . . . prohibits the Legislature from punishing a defendant for both offenses." Id. at 234.

Such language is consistent with the Fourth Circuit's decision in United States v. Williams, 155 F.3d 418 (4th Cir. 1998). In Williams, the Fourth Circuit approved of a prosecution for charges of murder in aid of racketeering which had been preceded by that Williams' prosecution and conviction on conspiracy charges which had alleged the same murder as one of the overt acts.

In rejecting Williams' claim that the subsequent prosecution was prohibited because it would involve the presentation of the same facts and evidence as produced in the previous trial, the Fourth Circuit, relying on Dixon, noted that the Supreme Court "repeatedly has rejected the notion that a successive prosecution is barred by the Double Jeopardy Clause merely because it involves the same transaction or the same evidence that was the subject of a previous prosecution." Id. at 420-21, citing Dixon, 509 U.S. at 705. To be sure, contrary to the petitioner's suggestion, the Supreme Court has stated that "a mere overlap in proof between two prosecutions does not establish a double jeopardy violation." United States v. Felix, 503 U.S. 378, 386

(1992).

Equally critically, the Williams Court overruled its prior holding in Jordan v. Commonwealth of Virginia, 653 F.2d 870, 873 (4th Cir. 1980), where the Court had found a double jeopardy violation on the basis of a subsequent conviction for possession of a controlled substance, which conviction had followed a conviction for the defendant's acquisition of those same drugs by means of a forged prescription. Id. at 421. In particular, the Court of Appeals noted that such prior decision is inconsistent with the Supreme Court's holdings in Dixon, Felix, and Garrett v. United States, 471 U.S. 773, 790 (1985) (observing that the Court has "steadfastly refused to adopt the 'single transaction' view of the Double Jeopardy Clause"). Id.

Accordingly, the foregoing legal precedent clearly puts to rest the petitioner's claim that the Double Jeopardy Clause barred his conviction on the FTCs theft under both the "same evidence" and the "single transaction" theories. Consequently, his conviction for that offense cannot be vacated.

### III. **CONCLUSION**

The instant record makes plain that the State court's affirmation of the petitioner's conviction for FTCs theft did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law; therefore, that decision cannot be disturbed by this Court. In this case, the respondent's Motion for Summary Judgment must be

<u>granted</u>.

## IV. <u>ORDER</u>

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. That the respondent's Motion for Summary Judgment is **GRANTED;** and

2. That the petitioner's Petition for a Writ of Habeas Corpus is **DENIED** and **DISMISSED.**

**SO ORDERED.**

**Signed: November 15, 2005**

Graham C. Mullen
Chief United States District Judge